IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM PERKINS | : | CIVIL ACTION |
| v. | : | |
| FRANK D. GILLIS, et al. | : | No. 02-3484 |

## REPORT AND RECOMMENDATION

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE                                          December    , 2002

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by William Perkins ("Perkins"), an individual incarcerated in the Coal Township State Correctional Institution. For the reasons that follow, I recommend that the petition be dismissed without prejudice.

**FACTS AND PROCEDURAL HISTORY:**[1]

On March 4, 1998, following a bench trial before the Honorable Richard B. Klein, Court of Common Pleas of Philadelphia County, Perkins was found guilty of a knife point robbery at Moshe's Bakery in Northeast Philadelphia. Perkins was sentenced to seven (7) to fourteen (14) years of imprisonment on July 9, 1999.

The following chronology of Perkins' case is primarily culled from Perkins' appellate docket. See Resp'ts Resp. at Ex. "A."

---

[1] This habeas petition is related to a previous habeas petition, Perkins v. Gillis, C.A. No. 01-5469 (E.D. Pa. April 16, 2002) (Van Antwerpen, J.) (dismissed without prejudice), which raised similar claims stemming from the state court appeal of the same conviction. In the interest of clarity, much of the factual and procedural history as well as the relevant law from my March 27, 2002, Report and Recommendation (C.A. No. 01-5469) is reiterated in the instant petition.

**July 29, 1999:** Perkins filed a Notice of Appeal with in the Pennsylvania Superior Court and the court appointed Jeremy C. Gelb, Esquire, to represent Perkins.

**August 18, 2000:** The trial court received the record.

**September 14, 2000:** Perkins requested an extension of time to file his brief.

**September 19, 2000:** Perkins' request for an extension is granted, extending his brief deadline to October 27, 2000.

**October 12, 2000:** Perkins entered an application to Stay the Briefing Schedule, and an Application for Remand.

**November 1, 2000:** The Pennsylvania Superior Court entered a per curiam order instructing Perkins to file a Statement of Absence of Transcript in accordance with Pa.R.A.P. 1923, by preparing a statement of the proceedings from his suppression hearing on February 26, 1998.

**November 13, 2000:** Perkins filed an Application for Clarification of the Per Curiam Order filed November 1, 2000.

**December 13, 2000:** A second per curiam order is issued by the Superior Court, directing Perkins to supply statements of proceedings from February 26, 1998, July 29, 1998, and for relevant portions of unavailable trial testimony.

**August 13, 2001:** Perkins filed his Statement of Absence of Transcript.

**September 27, 2001:** The Commonwealth filed its response to Perkins' Statement.

**October 15, 2001:** Perkins filed a pro se petition for writ of habeas corpus in the Eastern District of Pennsylvania arguing, inter alia, that inordinate delay in his appeal process had violated his due process rights. See Perkins v. Gillis, C.A. No. 01-5469.

**October 23, 2001:** Judge Klein filed his review and approval of Perkins' Statement. A briefing schedule was set.

**December 4, 2001:** Perkins filed an Application for Extension of Time to file a brief.

**December 6, 2001:** The Superior Court granted Perkins' request for an extension, extending Perkins' brief deadline to February 4, 2002.

**February 5, 2002:** Perkins filed another Application for Extension of Time to file a brief.

**February 6, 2002:** The Superior Court granted Perkins' request for an extension, extending Perkins' brief deadline to March 4, 2002.

**March 7, 2002:** Perkins filed another petition for an extension of time in which to file a brief. The Superior Court granted Perkins' request, extending Perkins' brief deadline to May 4, 2002.

**April 16, 2002:** The Honorable Franklin S. Van Antwerpen, United States District Court for the Eastern District of Pennsylvania, dismissed Perkins' federal habeas petition (C.A. No. 01-5469) without prejudice.

On **May 23, 2002**, Perkins filed the instant pro se petition for writ of habeas corpus claiming:

(1) ongoing inordinate delay as a result of his appellate counsel's repeated filing of continuances; and

(2) ineffective assistance of appellate counsel for failing to file a direct appeal brief.

After the filing of the instant habeas petition, the following events took place in Perkins' state court appeal:

>**July 1, 2002**: Appellate counsel filed Perkins' brief with the Superior Court.[2]
>
>**November 1, 2002:** The Commonwealth filed its brief in response thereto with the Superior Court.

Respondents have filed an answer to Perkins' federal habeas petition asserting that Perkins is not entitled to federal habeas review at this time.

**DISCUSSION:**

In general, a federal court should not entertain a petition for writ of habeas corpus unless the petitioner has first satisfied the exhaustion requirement of 28 U.S.C. § 2254. See 28 U.S.C. § 2254(b). However, when no state remedy exists or when circumstances render the state corrective process ineffective, the federal courts need not defer to state processes and may excuse the exhaustion requirement. See 28 U.S.C. § 2254(b); Lines v. Larkins, 208 F.3d 153, 163 (3d Cir. 2000) ("[i]f an appropriate remedy does not exist or its utilization is frustrated by the state system . . . [t]he deference accorded the state judicial process must give way to the primary role of the federal courts to redress constitutional violations") (citing Hankins v. Fulcomer, 941 F.2d 246, 249-50 (3d Cir. 1991)).

Inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable, thereby excusing the exhaustion requirement. Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir. 1986). "Although the existence of an inordinate

---

[2]On July 11, 2002, Perkins filed a letter with this court acknowledging that his appellate counsel had filed the appellate brief in his case.

delay does not automatically excuse exhaustion, it does shift the burden to the state to demonstrate why exhaustion should still be required – a burden that is difficult to meet." Story v. Kindt, 26 F.3d 402, 405 (3d Cir.), cert. denied, 513 U.S. 1024 (1994) (citations omitted).

In the instant case, Perkins asserts that he is being denied his right to appeal his judgment of sentence due to inordinate delay in the judicial process caused by ineffective assistance of appellate counsel.  As a result, he contends that the state court's failure to hear his claims in a timely manner violates his due process rights and renders the state process ineffective, and that, therefore, this court should adopt jurisdiction, appoint federal counsel and grant Perkins an evidentiary hearing.[3]  See Pet'rs Supporting Statement of Facts at 8.  Respondents counter that Perkins' claim of ineffective assistance of appellate counsel has been rendered moot by the filing of a direct appeal brief by his appellate counsel, and that his claim of inordinate delay in his appeal is unexhausted and meritless.

1.      **Ineffective Assistance of Appellate Counsel**

To the extent that Perkins alleges that his is being denied due process because his appellate attorney has failed to file an appellate brief, we find that this claim is moot.  As

---

[3]It is unclear if Perkins is asking this court to order his attorney to file his appellate brief or if he wants this court to excuse exhaustion due to inordinate delay and proceed to address the merits of his state court appellate claims.  We note that Perkins has not submitted any claims addressing his underlying conviction.  Instead, his claims focus solely on the state appellate process.  Notwithstanding, in an abundance of caution, we will address both aspects of his claims.

both Perkins and Respondents acknowledge, Perkins' attorney filed his appellate brief on July 1, 2002.  Moreover, on November 1, 2002, the Commonwealth filed its appellate brief in response thereto.  Consequently, Perkins' allegation of ongoing inordinate delay due to ineffective assistance of appellate counsel must be dismissed.

**2.      Inordinate Delay in Direct Appeal**

To the extent that Perkins argues that the inordinate delay in his state court appeal has rendered his state court remedies ineffective, we find this claim must be dismissed as premature.  Perkins' claim of inordinate delay on direct appeal rests on an alleged due process violation of his right to a "speedy appeal."  Harris v. Champion, 15 F.3d 1538, 1557 (10th Cir. 1994); see also Coe v. Thurman, 922 F.2d 528, 530 (9th Cir. 1990).  "Although the United States Supreme Court has not expressly recognized a criminal defendant's right to a speedy appeal . . . the United States Court of Appeals for the Third Circuit has found that the 'Due Process Clause guarantees a reasonably speedy appeal if the state has chosen to given defendants the right to appeal.'"  Proudfoot v. Vaughn, 1997 WL 381590, at *2 (E.D. Pa. July 2, 1997) (citing Simmons v. Beyer, 44 F.3d 1160, 1169 (3d Cir.), cert. denied, 516 U.S. 905 (1995)).  The Pennsylvania Constitution guarantees the right to a direct appeal, see Pa. Const. art. V, § 9; therefore, Perkins' allegation of inordinate delay raises a due process claim.

Because a speedy appeal claim is analogous to a speedy trial claim, the court must employ the United States Supreme Court's test for a speedy trial violation, first articulated

in Barker v. Wingo, 407 U.S. 514 (1972). Thornton v. Kearney, 1999 WL 588296, at *3 (D. Del. July, 22, 1999) (citing Simmons, 44 F.3d at 1169). This test employs four (4) factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. Barker, 407 U.S. at 530. The Supreme Court has stressed that these four (4) related factors have no "talismatic qualities," but rather must be considered together in a balancing process with such other circumstances as may be relevant. Id. at 533.

The instant petition was filed a little more than one (1) month after Perkins' first federal habeas petition claiming inordinate delay in his state court direct appeal was dismissed without prejudice. The key distinction between the two (2) petitions is that, in his first petition, Perkins alleged that a deficient state court record caused the delay in the state court process, whereas he now alleges the delay is caused by appellate counsel's failure to file an appellate brief. Because our analysis of the first three (3) factors of the speedy appeal test remains largely unchanged from the Report and Recommendation we issued on Perkins' first habeas petition (C.A. No. 01-5469),[4] we will proceed directly to the fourth (4th) factor, the prejudice aspect of the speedy appeal test.

The Third Circuit has directed us to assess prejudice in light of the following interests in promoting timely appeals:

---

[4]We note, however, that the current delay in Perkins' direct appeal is due to the continuances filed by his court-appointed counsel, and thus, the delay is attributable to the state. See Coe, 922 F.2d at 531 ("failures of court-appointed counsel and delays by the court are attributable to the state"), cited with approval in Simmons, 44 F.3d at 1170.

> (1) prevention of oppressive incarceration pending appeal;
> (2) minimization of anxiety and concern of those convicted awaiting the outcome of their appeals; and (3) limitation of the possibility that a convicted person's grounds for appeal, and his or her defenses in case of reversal and retrial, might be impaired.

Simmons, 44 F.3d at 1169 (citations omitted).

As discussed in our previous Report and Recommendation, the first factor of our prejudice analysis is difficult to evaluate because, as the Ninth Circuit has explained, Perkins' "incarceration would be unjustified and thus oppressive were the appellate court to find [Perkins] conviction improper. If it affirms the conviction, however, the incarceration will have been reasonable." Coe, 922 F.2d at 532. With regard to the second factor, Perkins has not alleged any new evidence of "anxiety or concern" which would establish that he suffers personal prejudice. See Heiser v. Ryan, 15 F.3d 299, 304-05 (3d Cir. 1994) (emotional problems, such as anxiety, are insufficient to establish prejudice because only unusual or specific problems of personal prejudice will satisfy the Barker test).

As to the third factor, Perkins argues that appellate counsel's repeated requests for continuances have prejudiced him because, in the event of reversal and retrial, his defense would be impaired by the death of an alleged exculpatory witness, Frank Iaconelli. See Pet'rs Supporting Statement of Facts at 4, 6. Unfortunately, as Respondents have pointed out, excusing exhaustion of Perkins' state court claims would not limit any prejudice Perkins may encounter due to Mr. Iaconelli's death. Because Mr. Iaconelli has already

8

passed away, Perkins will not suffer any further impairment by pursuing his state court remedies. In any event, Mr. Iaconelli died only two (2) weeks after the briefing schedule was set in Perkins' Superior Court appeal. <u>See</u> Pet'rs Supporting Statement of Facts at 5. Consequently, prejudice caused by Mr. Iaconelli's death would not be attributable to appellate counsel's request for continuances of time in which to file his appellate brief.

As we stated in our previous Report and Recommendation, the time is now ripe for state court review of Perkins' direct appeal. The Pennsylvania Superior Court now has both parties' appellate briefs and may proceed to address the merits of Perkins' claims. Therefore, we conclude that Perkins cannot establish at this point that he is unduly prejudiced by delays in the state court process.

**<u>CONCLUSION</u>:**

Upon review of the facts before us, we do not find that there has been a due process violation or inordinate delay in the appellate process. Moreover, because we do not find that the state system has been rendered ineffective at this time, we do not recommend that exhaustion be excused.

Therefore, I make the following:

## **R E C O M M E N D A T I O N**

AND NOW, this           day of December, 2002, IT IS RESPECTFULLY RECOMMENDED that the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be DISMISSED WITHOUT PREJUDICE. There has been <u>no</u> substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

_____
PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM PERKINS | : | CIVIL ACTION |
| v. | : | |
| FRANK D. GILLIS, et al. | : | No. 02-3484 |

**O R D E R**

AND NOW, this         day of                         , upon careful and independent consideration of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge Peter B. Scuderi, and any objections made thereto, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition filed pursuant to 28 U.S.C. § 2254 is DISMISSED WITHOUT PREJUDICE.

3. There is <u>no</u> basis for the issuance of a certificate of appealability.

BY THE COURT:

_____
FRANKLIN S. VAN ANTWERPEN, J.